UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEIMAR SUAREZ,

-vs-  Case No.  8:04-cr-141-T-24MAP
   8:05-cv-2385-T-24MAP

UNITED STATES OF AMERICA.
_____

### **ORDER**

This cause is before the Court on Defendant's successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc. cv-1; cr-118).  On July 18, 2005, the Court addressed the merits of Defendant's original motion to vacate filed in  Case No. 8:05-cv-1179-T-24MAP.  (See Doc. cv-3; cr-116). In that case, this Court denied Defendant's motion for reconsideration.  Defendant's appeal was dismissed by the United  States Court of Appeals for the Eleventh Circuit for failure to prosecute. (Doc. cv-11, 12).

On December 15, 2005,  Defendant signed the present document entitled, "Defendant Claim Actual Prejudice After Plain Error," which the Court construes as a successive 28 U.S.C. §2255 motion to vacate.  (Doc. cv-1; cr-118).

Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims

which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant Suarez has not fulfilled the requirements of the statutes as set out above. Accordingly, Petitioner's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-118) is denied. The Clerk is directed to enter judgment against Defendant Suarez in Civil Case No. 8:05-cv-2385-T-24MAP, and to close that case. The Clerk is directed to send Defendant Suarez the Eleventh Circuit's application form for a second or successive motion to vacate.

ORDERED at Tampa, Florida, on January 4, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Christopher P. Tuite; Peter Sholl

Pro se: Heimar Suarez